UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 15-8957-BRO (KK) | | Date: | March 24, 2016 |
|---|---|---|---|---|
| Title: | Jose Alberto Avila v. C. E. Ducart | | | |

Present: The Honorable    KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:    Order to Show Cause Why Action Should Not be Dismissed Without Prejudice**

## I.
## INTRODUCTION

Petitioner Jose Alberto Avila ("Petitioner") has filed a pro se Petition for Writ of Habeas Corpus ("Petition") by a Person in State Custody pursuant to Title 28 of the United States Code, section 2254. However, Petitioner's resentencing remains pending in state court. The Court thus orders Petitioner to show cause why this action should not be dismissed without prejudice pursuant to the doctrine of abstention.

## II.
## BACKGROUND

### A.    STATE COURT PROCEEDINGS

On August 11, 2009, in the Los Angeles County Superior Court, Petitioner was convicted of first degree murder and assault with a deadly weapon in violation of California Penal Code sections 187(a), 245(a)(1), and 12022(b)(1). ECF Docket No. ("Dkt.") 1, Pet. at 1.[1] Petitioner

---

[1] The Court refers to the pages of Petitioner's pleadings as if he consecutively numbered them.

also received a gang enhancement within the meaning of California Penal Code section 186.22(b)(4).  Id.  On October 1, 2009, Petitioner was sentenced to a term of twenty-seven years to life in prison.  Id.

On February 8, 2011, the California Court of Appeal reversed the Los Angeles County Superior Court's finding that Petitioner "premeditated and deliberated with respect to the murder conviction" and stated:

> If, after the filing of the remittitur in the trial court, the People do not bring Jose to retrial on the premeditation and deliberation element within the statutory time limits, the trial court shall proceed as if the remittitur constituted a modification of the judgment to reflect a conviction of unpremeditated murder and shall resentence Jose accordingly.  (People v. Hart, supra, 176 Cal. App. 4th at p. 675.)  In all other respects, the judgment . . . is affirmed.

Lodgment No. ("Lodg.") 1 at 33.[2]

On March 11, 2011, Petitioner filed a petition for review in the California Supreme Court.  Lodg. 2.  On August 13, 2014, the California Supreme Court dismissed the matter in light of People v. Chiu, 59 Cal. 4th 155, 167 (2014) ("hold[ing] that a defendant cannot be convicted of first degree premeditated murder under the natural and probable consequences doctrine").  Lodg. 3.

On August 15, 2014, the California Court of Appeal issued a remittitur returning jurisdiction to the Los Angeles County Superior Court.  Lodg. 4.

## B.    FEDERAL COURT PROCEEDINGS

On October 23, 2015, Petitioner constructively filed[3] the instant Petition.  Dkt. 1 at 81.  Petitioner challenges his 2009 conviction and sentence as follows:

---

[2] The Court's citations to Lodgments refer to the documents Respondent lodged in support of his Motion for Stay and Suspension of Briefing Schedule.  Dkt. 12, Notice of Lodging.  Lodgment No. 1 is the Opinion in California Court of Appeal Case No. B219748.  Lodgment No. 2 is the Docket in California Supreme Court Case No. S191317.  Lodgment No. 3 is the California Supreme Court order in Case No. S191317.  Lodgment No. 4 is the Remittitur in California Court of Appeal Case No. B219748.  Lodgment No. 5 is the Docket in Los Angeles County Superior Court Case No. VA102440.

[3] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

1. Ground One: Petitioner's conviction was obtained as the result of evid[e]nce that is insufficient to persuade a properly instructed, reasonable jury of his guilt beyond a reasonable doubt.
2. Ground Two: Was there insufficient evidence to prove all the elements of the first degree murder charge?
3. Ground Three: Was there insufficient evidence to prove that [Petitioner] aided and abetted the assault with a deadly weapon?
4. Ground Four: Was there insufficient evidence offered to establish the "primary activities" element of the gang enhancement?
5. Ground Five: Is CAJIC No. 3.00 constitutional because it fails to inform the jury that an aider and abettor can be guilty of a lesser crime than the perpetrator?
6. Ground Six: Should the natural and probable consequences doctrine be repudiated?
7. Ground Seven: Did the trial court commit reversible error when it improperly instructed the jury with CAJIC No. 1.22?

E.g., id. at 2.

On March 17, 2016, Respondent filed a Motion for Stay and Suspension of Briefing Schedule ("Mot."). Dkt. 11, Mot. Respondent attaches to the Motion documents demonstrating although the California Court of Appeal has directed the Los Angeles County Superior Court to resentence Petitioner, no such resentencing has occurred. See Dkt. 12. Respondent "requests a stay of the instant proceedings until Petitioner is resentenced and the option of further state proceedings is resolved. Respondent proposes a stay rather than an enlargement of time, because additional time is needed to secure the finality of Petitioner's state conviction." Dkt. 11 at 2. Petitioner filed no Opposition.

## III.
## DISCUSSION

### THE PETITION IS SUBJECT TO DISMISSAL WITHOUT PREJUDICE PURSUANT TO THE DOCTRINE OF ABSTENTION

Generally, a federal court will abstain from intervening in a pending state criminal proceeding, absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See Younger v. Harris, 401 U.S. 37, 45-46, 91 S. Ct. 746, 27 L. Ed. 2d 669 (1971). This concept is usually referred to as the doctrine of abstention or the Younger doctrine. Although "[a]pplication of Younger does not lead to the determination that the federal courts have no basis for jurisdiction in the first instance;" under Younger, "the federal courts have bound themselves pursuant to principles of comity to voluntarily decline to exercise jurisdiction that they have and would otherwise exercise." Canatella v. State of California, 404 F.3d 1106, 1116 (9th Cir. 2005) (emphasis omitted). Thus, when a federal court determines that the Younger doctrine applies, it must dismiss the pending action without prejudice. See Beltran v. California, 871 F.2d 777, 782 (9th Cir. 1988) ("Where Younger abstention is appropriate, a district court cannot refuse to abstain, retain jurisdiction over the action, and render a decision on

the merits after the state proceedings have ended.  To the contrary, <u>Younger</u> abstention requires dismissal of the federal action.") (emphasis omitted); <u>Edelbacher v. Calderon</u>, 160 F.3d 582, 584 (9th Cir. 1998) (applying <u>Younger</u> to a case presenting "no unusual circumstances which might suggest that no end is in sight to the state court proceedings" (internal quotation marks omitted)).

       Here, Petitioner's sentence is not final because his resentencing remains pending in the Los Angeles County Superior Court.  <u>See</u> Lodg. 5.  Pending resentencing may render Grounds Two, Five, and Six moot.  Specifically, those Grounds relate to Petitioner's first degree murder conviction and the Los Angeles County Superior Court has been ordered to resentence Petitioner in light of the reversal of the finding that Petitioner "premeditated and deliberated with respect to the murder conviction."  Lodgs. 1, 4.  This possible outcome requires abstention as this Court must follow "principles of comity to voluntarily decline to exercise jurisdiction."  <u>See</u> <u>Canatella</u>, 404 F.3d at 1116.

       In addition, like <u>Edelbacher</u>, Petitioner's action presents "no unusual circumstances which might suggest that no end is in sight to the state court proceedings."  <u>Edelbacher</u>, 160 F.3d at 584 (internal quotation marks omitted).  To the contrary, Respondent states he "is currently working with the Los Angeles County District Attorney's Office to facilitate Petitioner's resentencing" and "[o]n March 16, 2016, the trial prosecutor stated she will order Petitioner out of custody to appear for resentencing."  Dkt. 11 at 1.  Thus, Petitioner's constitutional right to have the Petition heard in a timely manner does not outweigh principles of comity and the risk of piecemeal litigation.  <u>See</u> <u>Canatella</u>, 404 F.3d at 1116.

       Therefore, the <u>Younger</u> doctrine applies and this action is subject to dismissal without prejudice to Petitioner refiling at the end of his state proceedings.  <u>See</u> <u>Beltran</u>, 871 F.2d at 782.
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

**CIVIL MINUTES—GENERAL**          Initials of Deputy Clerk __

# IV.
# <u>ORDER</u>

IT IS THEREFORE ORDERED:

(1) Respondent's Motion is DENIED without prejudice as moot; and

(2) Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed pursuant to the doctrine of abstention by filing a written response no later than **April 14, 2016**.

Instead of filing a response to the instant Order, Petitioner may request a voluntary dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a). **The Clerk of the Court has attached a "Notice of Dismissal" form.** While the limitations period has not commenced because Petitioner's resentencing remains pending, the Court warns any dismissed claims may be later subject to the statute of limitations under Title 28 of the United States Code, section 2244(d)(1), as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 -- "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The Court warns Petitioner failure to timely file a response to this Order or request a voluntary dismissal will result in the Court dismissing this action without prejudice pursuant to the doctrine of abstention, and for failure to prosecute and comply with court orders. <u>See</u> Fed. R. Civ. P. 41(b).

**The Clerk of Court is directed to serve a copy of this Order on Petitioner at his current address of record.**

**CIVIL MINUTES—GENERAL** Initials of Deputy Clerk __